UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY M. KEMP,<br><br>        Plaintiff,<br><br>vs.<br><br>HEINRICH KUTTLER,<br><br>        Defendant. | Case No.: 23cv1198-DMS-AHG<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION** |

Bobby M. Kemp ("Plaintiff"), a prisoner currently incarcerated at the Holmes Correctional Institution in Bonifay, Florida, proceeding pro se, has filed a civil rights action accompanied by a motion to proceed in forma pauperis ("IFP"). (ECF Nos. 1-2.) Plaintiff, a Florida citizen, alleges that Defendant Heinrich Kuttler, a California citizen, while employed by Meta Platforms, Inc., a company incorporated in California, participated in the design and development of an Artificial Intelligence Machine used by Meta to intercept Plaintiff's electronic communications and facial recognition profile in violation of federal law. (ECF No. 1 at 2-4.)

**I. Motion to Proceed IFP**

All parties instituting any civil action in a district court of the United States, except a petition for writ of habeas corpus, must pay a civil filing fee of $402, and the action may

proceed despite a failure to prepay the entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a).[1]  *See* 28 U.S.C. § 1914(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("28 U.S.C. § 1915(a) allows the district court to waive the fee, for most individuals unable to afford it, by granting IFP status.")

Plaintiffs who wish to proceed IFP must establish their inability to pay the civil filing fee by filing an affidavit attesting to their income and assets, s*ee Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015), which Plaintiff has provided.  (*See* ECF No. 2 at 1-5.)  However, prisoners seeking leave to proceed IFP are also required to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1) & (4).  The institution collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).  Once IFP is granted, Plaintiff remains obligated to pay the entire fee in monthly installments regardless of whether the action is ultimately dismissed.  *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

Plaintiff's IFP application does not contain the required trust fund account statement. (*See* ECF No. 2.)  The Court cannot grant his IFP application without the trust fund account statement for the 6-month period immediately preceding the filing of his Complaint.  *See*

---

[1] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

*Andrews*, 398 F.3d at 1119 ("prisoners must demonstrate that they are not able to pay the filing fee with an affidavit and submission of their prison trust account records."), citing 28 U.S.C. § 1915(a)(1)&(2).  Accordingly, Plaintiff's motion to proceed IFP is **DENIED** and this action is **DISMISSED** without prejudice based on Plaintiff's failure to pay the civil filing and administrative fee or to submit a properly supported motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) & 1915(a).

**II.    Venue**

In addition, the Court notes that the Southern District of California may not be the proper venue for Plaintiff's case.  Venue may be raised by the Court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not run.  *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

"A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ."  28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986).  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

Plaintiff names as the sole Defendant Heinrich Kuttler, and indicates this Defendant is a citizen of California and works for Meta Platforms, Inc., a company incorporated in California.  (ECF No. 1 at 1.)  None of the events or omissions giving rise to Plaintiff's claims are alleged to have occurred in either San Diego or Imperial County, and no Defendant is alleged to reside here.  *See* 28 U.S.C. § 84(d) ("The Southern District of California comprises the counties of Imperial and San Diego.")  Therefore, Plaintiff has not adequately plead that venue is proper in the Southern District of California.  *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

### III. Conclusion and Order

Accordingly, the Court:

(1) **DENIES** Plaintiff's motion to proceed IFP without prejudice.

(2) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the civil filing and administrative fee or to submit a properly supported motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) & 1915(a).

(3) **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed to: (a) prepay the entire $402 civil filing and administrative fee in full; or (b) complete and file a properly supported motion to proceed IFP which includes a certified copy of his prison trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b).  If Plaintiff fails to either pay the $405 civil filing fee or submit a properly supported motion to proceed IFP within 45 days, this action will remain dismissed without prejudice based solely on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirement and without further Order of the Court.

The Court expresses no opinion at this time as to whether Plaintiff's pleading should survive the *sua sponte* screening required by 28 U.S.C. § 1915A.  *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018) ("For certain prisoner civil rights litigation, 28 U.S.C. § 1915A(a) requires pre-answer screening of the complaint so that 'the targets of frivolous or malicious suits need not bear the expense of responding.'"), quoting *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014).  In any case, if Plaintiff wishes to proceed with this action in this Court, he will be required to adequately plead that venue lies in the Southern District of California.

**IT IS SO ORDERED.**

Dated:  July 17, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court